TILLMAN *vs.* THRASHER, sheriff.

Where the sheriff changed his advertisements from one newspaper to another in the same county, *mandamus* does not lie to compel him to keep his advertising in the first paper, although he did not give notice of the intention to change in that paper in which he had formerly advertised.

*Mandamus.* Sheriffs. Before Judge HANSELL. Brooks County. At Chambers. May 20, 1878.

Reported in the opinion.

L. F. HADDOCK; J. G. & W. C. McCALL, by brief, for plaintiff in error, cited as follows: Change of advertisements without notice improper, Code, §§3650, 3647, 2559; Cobb's Dig., 580; *mandamus* the remedy, 4 *Ga.*, 115; 3 Bl. Com., 110; Burrill's Law Dic., 700; 1 Chit. Gen. Pr., 787, 795; 3 Steph. Com., 681; Code, §§3198, 3199, 3201.

KINGSBERRY & DENMARK; H. G. TURNER, by brief, for defendant, cited as follows: Exceptions not clear, Code, §4251; rule of supreme court number 8. No remedy by *mandamus*, Code, §§3198–3200, 361, 366, 272, 206, 3647, 3650; acts 1851–2, p. 78; 12 *Ga.*, 170; 42 *Ib.*, 630.

JACKSON, Justice.

Joseph Tillman, the proprietor of the Quitman Reporter, made application to the superior court of Brooks county, for a *mandamus nisi* against the sheriff of that county, to show cause why he should not publish his official advertisements in that newspaper, on the ground that when he changed it to the Free Press, another newspaper in Brooks county, he had not given notice of the contemplated change in the Quitman Reporter. The judge refused the *mandamus nisi*, and this is the error complained of.

While §3650 of the Code does require the notice to be given, we think that the applicant's remedy is by an action for damages, if he can prove any, and if he has any right or remedy at all. Certainly we know of no law which will entitle him to make the · sheriff by *mandamus* change the advertising back into his newspaper.

The judgment must, therefore, be affirmed.